IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR-10-33-DLC-RKS |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO REVOKED DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| THOMAS FRANKLIN TANNER, | |
| Defendant. | |

## I. Synopsis

Mr. Tanner was accused of violating the conditions of his supervised release by possessing methamphetamine and committing a state crime. He admitted to the violations. Mr. Tanner's supervised release should be revoked. He should be ordered to serve 12 months and one day in prison, with 48 months supervised release to follow.

## II. Status

Mr. Tanner plead guilty in 2001, in the District of Wyoming, to Conspiracy

to Possess with Intent to Distribute Methamphetamine.  CD 2-2.   He was sentenced in June 2001to 151 months imprisonment, with five years supervised release to follow.   CD 2-2.  The sentence was later reduced to 121 months.  CD 2-2.  Mr. Tanner signed the terms of his supervised release in Great Falls, Montana, in September 2009.  CD 10.  Jurisdiction was transferred from the District of Wyoming to the District of Montana by Order on March 8, 2010.  CD 1.

**Petition**

The United States Probation Office petitioned the court on October 15, 2012, to revoke Mr. Tanner's supervised release.  The petition alleged that Mr. Tanner was found in possession of methamphetamine and heroin.  Mr. Tanner was charged with drug possession by the State of Montana for the same conduct, convicted, and sentenced to 12 months imprisonment.[1]  Based on the petition, United States District Judge Sam E. Haddon issued a warrant for Mr. Tanner's arrest.  CD 6.  Mr. Tanner was arrested on that warrant at the expiration of his state sentence, on September 10, 2013.  CD 11.

**Initial appearance**

Mr. Tanner made an initial appearance before the undersigned on September 12, 2013.  He was represented by Federal Defender David Ness, who was

---

[1]https://app.mt.gov/conweb/Home/OffenderNumber/12847

appointed as his counsel.  Assistant United States Attorney Jessica Betley represented the United States.  CD 7.

Mr. Tanner said he had read the petition and understood the allegations.  Ms. Betley stated that Mr. Tanner could be incarcerated for up to 60 months if his supervised release is revoked.  Mr. Ness agreed.  CD 7.

The undersigned discussed the Findings and Recommendations procedure, explaining that a revocation hearing would be held and a recommendation submitted to United States District Judge Dana L. Christensen.  Mr. Tanner was instructed that Judge Christensen will determine whether to revoke his supervised release and, if so, what sanction to impose.  Mr. Tanner was advised of his right to object to the recommendation before Judge Christensen makes those determinations.  CD 7.

Upon discussion with the undersigned, Ms. Betley represented that the United States Probation Office would file an updated petition that considered Mr. Tanner's state conviction and incarceration, which occurred after the original petition was filed. CD 7.

Mr. Tanner waived his right to a preliminary hearing.  A revocation hearing was scheduled for September 24, 2013.  Mr. Tanner was ordered detained pending the hearing.

**Amended petition**

The United States Probation Office filed an updated petition on September 13, 2013.  The amended petition included the same alleged violation as the original petition regarding drug possession, and the additional allegation that Mr. Tanner had violated a state criminal law.  CD 10.

**Revocation hearing**

Mr. Tanner appeared at the revocation hearing before the undersigned on September 24 with his attorney, Mr. Ness.   Assistant United States Attorney Ryan Weldon represented the United States.

Mr. Tanner admitted violating his conditions of supervised release, as alleged in the petition.  Revocation is mandatory for possession of a controlled substance.  18 U.S.C. § 3583(g)(1).

The undersigned calculated the following sentencing guidelines:

Mr. Tanner's violation is Grade C.  His criminal history category is IV.  His underlying offense is a Class A felony.  Mr. Tanner could be incarcerated for up to 60 months.  The United States Sentencing Guidelines call for 6 to 12 months incarceration. Mr. Tanner could be ordered to remain on supervised release for up to five years, less any custodial time imposed.

Mr. Weldon stated that, because of the additional violation in the updated

petition, Mr. Tanner's violation is actually Grade B, and the Sentencing Guidelines call for 12 to 18 months incarceration. The undersigned agrees with that correction. Mr. Ness did not object to the court's guidelines, as corrected by Mr. Weldon.

Mr. Ness requested a sanction of incarceration at the low end of the guideline range. Mr. Ness submitted two letters in support of Mr. Tanner, which the undersigned read and considered. Mr. Ness noted that Mr. Tanner had already spent a year in state custody for the same conduct that constituted the violation. Mr. Ness said that Mr. Tanner is almost 70 years, and is a drug addict. He had remained clean for years before the relapse that prompted the petition for revocation, Mr. Ness said.

The undersigned proposed a recommended custodial sanction of 12 months and 1 day. The additional day would allow Mr. Tanner to qualify for "good time" credit, so he could earn release in significantly less than a year.

Mr. Weldon had no objection to that recommendation, and said he had intended to request a similar sanction. Mr. Ness and Mr. Tanner both said they had no objection to the recommendation.

**III. Analysis**

Mr. Tanner admitted possessing a controlled substance; by statute, his

supervised release must be revoked. 18 U.S.C. § 3583(g)(1).

Mr. Tanner should be committed to the Bureau of Prisons for 12 months and one day, with 48 months supervised release to immediately follow. A custodial term at the bottom of the guideline range is appropriate. Mr. Tanner possessed particularly dangerous drugs, and drug possession is closely related to his underlying offense. However, he already spent a year in state custody for the same conduct at issue here. There is no allegation Mr. Tanner was distributing drugs while on supervised release. The imposition of one day over 12 months will qualify Mr. Tanner for "good time" credit, which gives Mr. Tanner some control over his sanction and the opportunity to earn release in less time.

A long period of supervised release after the custodial term is necessary because Mr. Tanner's repeated methamphetamine-related convictions indicate he is a danger to the community. If Mr. Tanner continues to introduce or invite drugs into the community, he may lead others to develop a life-long substance abuse problem similar to his own. Supervised release will discourage his drug use and help detect it in the event of a relapse.

**IV. Conclusion**

Mr. Tanner was advised that the above sentence would be recommended to Judge Christensen, who will decide an appropriate disposition. Mr. Tanner was

reminded that he has a right to object to this recommendation within 14 days of its issuance.

The court **FINDS:**

1.   Mr. Tanner violated the special conditions of his supervised release (unnumbered) by possessing heroin and methamphetamine on October 9, 2012.

2.   Mr. Tanner violated the special conditions of his supervised release (unnumbered) by committing a state offense – Criminal Possession of a Dangerous Drug, a felony – on October 9, 2012.

The court **RECOMMENDS:**

1.   The District Court should enter the attached Judgment, revoking Mr. Tanner's supervised release and ordering him into the custody of the United States Bureau of Prisons for 12 months and 1 day, with 48 months supervised release to follow.

2.   The District Court should continue the standard and special conditions of supervised release previously imposed, fully set forth in the attached Judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND
RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO
OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Dated the25th day of September, 2013.


Keith Strong
United States Magistrate Judge